```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x    NOT FOR PRINT OR
                                                        :                    ELECTRONIC PUBLICATION
UNITED STATES OF AMERICA,                               :
                                                        :
            -against-                                   :    06-CR-285 (ARR)
                                                        :
GINO GALESTRO and JOSEPH YOUNG,                         :
                                                        :    OPINION AND ORDER
                        Defendants.                     :
                                                        :
------------------------------------------------------------------------ x
```

ROSS, United States District Judge:

The government moves to empanel an anonymous, fully escorted and partially sequestered jury for the trial of defendants Gino Galestro and Joseph Young, who are alleged to be a "made" member and an associate, respectively, of the Bonanno Organized Crime Family ("Bonanno OCF") and who are charged in this case with various violent crimes. Specifically, the government requests that the names, exact addresses and places of employment of the prospective jurors not be revealed to the parties; that seated jurors be escorted to and from the courthouse, and be accompanied during all recesses, by representatives of the United States Marshals Service; and that the seated jurors be sequestered during the luncheon recess during the entirety of the proceedings. The government argues that these measures are necessary to ensure a fair trial and to protect the jury from interference by the defendants, their criminal associates or the media.

Defendant Galestro objects, alleging that the facts in this case do not justify the use of this "extraordinary procedure." Defendant Galestro's Memorandum of Law in Opposition to Government's Motion at 1. Galestro asserts that the proposed measures may "undermine the presumption of innocence as well as the defendant's ability to participate in an effective voir dire process." Id.

## *DISCUSSION*

Although applications of this sort are no longer "extraordinary," the granting of such applications is by no means routine. See United States v. Locascio, 357 F. Supp. 2d 558, 560 (E.D.N.Y. 2005). An anonymous jury is appropriate only where (1) there is strong reason to believe that a jury needs protection, and (2) reasonable precautions are taken to minimize any prejudicial effects on a defendant's ability to maintain the presumption of innocence and conduct meaningful voir dire. See United States v. Amuso, 21 F.3d 1251, 1264 (2d. Cir. 1994); United States v. Paccione, 949 F.2d 1183, 1192 (2d Cir. 1991); United States v. Vario, 943 F.2d 236, 239 (2d. Cir. 1991); United States v. Tutino, 883 F.2d 1125, 1132 (2d Cir. 1989). Within these parameters, however, the decision to empanel an anonymous jury is within the discretion of the district court. See Paccione, 949 F.2d at 1192; United States v. Maldano-Rivera, 922 F.2d 934, 971 (2d Cir. 1990). If the standard is met, no constitutional concerns arise. See United States v. Thomas, 757 F.2d 1359, 1364 (2d Cir. 1985).

In order to demonstrate the need for an anonymous jury, the prosecution must do more than merely allege that the defendants are involved in organized crime. The Second Circuit has held that the mere "invocation of the words 'organized crime,' 'mob,' or 'Mafia' . . . does not warrant an anonymous jury," unless there is "something more." Vario, 943 F.2d at 241. That "something more" can take at least two forms: (1) "a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf" or (2) "a showing that trial evidence will depict a pattern of violence by the defendants and . . . associates such as would cause a juror to reasonably fear for his own safety." Id.

2

In this case, it is beyond question that "the trial evidence will depict a pattern of violence." The indictment alleges, <u>inter alia</u>, a pattern of racketeering in which many of the predicate acts are crimes of violence, such as the murder of Bonanno OCF associate Robert McKelvey, incidents of arson involving both buildings and cars, and robberies and assaults. The government represents that it will establish at trial that Galestro ordered most of these crimes committed while under the court's pretrial supervision or while incarcerated, Memorandum of Law in Support of the Government's Motion ("Gov't Memo") at 7, and that at least some of these crimes were motivated in part by defendants' desire to avoid prosecution. For example, the government states that it will adduce evidence that one of the reasons Galestro ordered Young to murder McKelvey was to stop McKelvey from boasting of crimes that he had committed at Galestro's behest. <u>Id</u>. at 8. The government also intends to prove that McKelvey's body was dismembered and incinerated in order to destroy the evidence. <u>Id</u>. The government further represents that it will establish that Galestro extorted $10,000 from an associate as a penalty for the associate's failure to destroy a car used during criminal activity. <u>Id</u>. This evidence that defendants killed and dismembered their own associate and ordered the destruction of property in order to avoid criminal liability could certainly cause a juror to "reasonably fear for his own safety."[1]

---

[1] In reaching this conclusion, the Court is not assuming the truth of the government's allegations of defendant's involvement in crimes of violence. <u>See</u> <u>United States v. Eppolito</u>, No. 05-CR-192, 2006 WL 220061, at *2 (E.D.N.Y. Jan. 30, 2006) (noting that courts cannot assume the truth of government allegations). <u>Vario</u> does not require a factual determination of the truth of the government's allegations; rather, <u>Vario</u> requires only that this Court consider the evidence the jury will hear and predict whether that evidence might cause a reasonable juror to fear for his safety. Accordingly, there is no need for the evidentiary hearing requested by Galestro.

In addition, while there is no evidence that defendants themselves have tampered with jurors or witnesses, the criminal organization with which defendants are allegedly affiliated has a demonstrable history of obstructing justice. See United States v. Urso, No. 03-CR-1382 (NGG), 2006 WL 1210886, at *1 (E.D.N.Y. May 2, 2006) ("Bonanno OCF has a long history of acts of intimidation and violence against those who would cooperate with the government."). Indeed, in Urso – a case in which defendant Galestro and other, higher-ranking members of the Bonanno OCF were charged with other racketeering offenses – Judge Garaufis was sufficiently concerned about the possibility of jury tampering by the organization as to grant relief similar to that requested by the government in this case. Id. at *1-*2.

While this case differs from Urso in that it does not involve any high-ranking family members, the government alleges that Galestro is a "made" member of the family. Indeed, the government has adduced evidence that the consigliere of the Bonanno OCF maintained a list of family members who were incarcerated and that Galestro's name was on that list. See Affirmation of Special Agent Matthew Lifkin (attached to the Government's Reply Memorandum of Law in Support of its Motion) at ¶¶ 2-3. Although it is unclear precisely what duty the family owed to the various members and to what lengths the family might go in order to assist Galestro, it is clear that the defendants – both of whom face a mandatory term of life imprisonment if convicted of all counts, Gov't Memo at 12 – have a powerful incentive to urge the organization to act on their behalf. Thus, the fact that the defendants may not be "of the same character as those whose power, prominence, and public presence would have warranted substantial jury protection" does not militate against providing any jury protection whatsoever. See United States v. Mora, No. CR-94-0729 (CPS), 1995 WL 519987, at *4 (E.D.N.Y. Aug. 16,

1995) (permitting the parties to learn the juror's surnames and allowing the jurors to make their own way to and from the courthouse, but otherwise granting relief similar to that requested by the government in this case even though the defendants were "simply not of the same character as those whose power, prominence, and public presence would have warranted substantial jury protection").

Relief of the sort the government seeks in this case is also appropriate to avoid the possibility that public and media attention might expose the jurors to extraordinary pressures that could impair their ability to be fair. The government notes – and Galestro does not deny – that this case has already received some coverage in most major daily New York newspapers: The New York Times, New York Post, New York Daily News and Newsday. While this case may never receive as much media attention as those cases involving high-profile organized-crime figures, "a case need not . . . involve allegedly high ranking family crime members to land on the front page." United States v. Persico, No. 04 CR 911 (SJ), 2006 WL 1794773, at *2 (E.D.N.Y. June 9, 2006). As Judge Johnson aptly observed in Persico, the public fascination with organized crime cases has not yet reached the "saturation point." Id.

Moreover, this case allegedly involves a particularly grisly murder of the sort likely to interest tabloid newspapers. Indeed, the New York Post has already described the murder of McKelvey in some detail, reporting that the incident ended with the "grisly butchering and burning of [McKelvey's body] at a 'haunted' mansion on Staten Island." Stefanie Cohen, Deal Eyed In "Haunted" Mob Slay, N.Y. Post, Jan. 31, 2008. Therefore, while this Court cannot presage the exact amount of press attention this case may receive, this Court considers it likely that this case will receive considerable coverage.

5

For the reasons stated above, this Court finds strong reasons to believe that the jury needs protection. This Court further finds that the measures proposed by the prosecution are reasonable under the totality of the circumstances in this case.[2] Contrary to defendant Galestro's assertion, defendants' "ability to participate in an effective voir dire process" will not be compromised if prospective jurors' names, exact addresses and employers' names and addresses are confidential. Indeed, as Judge Amon noted in her insightful opinion in LoCascio:

> [E]ven in regular jury selection, the jurors are not called upon to divulge their address or the name and address of their employer. Hence, the only additional information kept from the defendants is the juror's name. At best, a name may provide an indication of ethnicity, but ethnicity is often determinable by appearance. In any event, it is an impermissible basis on which to exercise challenges.

357 F. Supp. 2d at 564. In addition, this Court will minimize any prejudicial effects on a defendant's ability to maintain the presumption of innocence by giving the jurors "a plausible and nonprejudicial reason for not disclosing their identities [and] . . . for taking other security measures." See United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994).[3]

---

[2] The Court's granting of the government's sequestration proposal is conditioned upon the United States Marshals Service's ability to provide such services in light of the financial constraints upon that agency. See United States v. Cacace, 321 F. Supp. 2d 532, 536-37 (E.D.N.Y. 2004).

[3] Jurors are generally told that such steps are not unusual and are taken to ensure their privacy and impartiality in light of the media and public attention the trial is expected to receive. See, e.g., United States v. Gammarano, No. CR-06-0072 (CPS), 2007 WL 2077735, at *6 (E.D.N.Y. July 18, 2007); Urso, 2006 WL 1210886, at *1. If the parties wish to propose another plausible, nonprejudicial explanation, they may do so at any time prior to the start of trial.

## *CONCLUSION*

For the reasons stated above, the government's motion to empanel an anonymous, fully escorted and partially sequestered jury for the trial of defendants Galestro and Young is granted. The government is reminded that it is to submit a proposed jury questionnaire on or before July 28, 2008. The defendants are to submit any proposed additions or objections by August 15, 2008.

SO ORDERED.

                                                /s/
                                        Allyne R. Ross
                                        United States District Judge

Dated: July 15, 2008
        Brooklyn, New York