UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH B. YOUNG,

    Petitioner,

— against —

UNITES STATES OF AMERICA,

    Respondent.

06-cr-285 (ARR)
16-cv-3100 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Petitioner, Joseph Young, brings this petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his convictions under 18 U.S.C. § 924(c)(1)(A) pursuant to the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015). For the reasons that follow, I deny Mr. Young's § 2255 petition.

## BACKGROUND

    The federal criminal charges against Mr. Young stemmed from his involvement with the Bonanno organized-crime family of La Cosa Nostra. Indictment ¶ 1, ECF No. 247. In 2008, Mr. Young was indicted on a number of counts for "racketeering, racketeering conspiracy and a string of . . . crimes that included murder, assault, arson, carjacking, robbery, extortion and firearms offenses." Letter in Resp. to Mot. to Vacate Conviction 2, ECF No. 381 ("Gov't Opp'n"); *see also* Indictment ¶¶ 13-70. Mr. Young was tried before a jury and convicted on all but two of the charges. *See* Gov't Opp'n 2; J. Crim. Case 1, ECF No. 324. Mr. Young was found guilty of murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) and conspiracy to commit

1

murder for-hire under 18 U.S.C. § 1958. J. Crim. Case 2. Each of these convictions carries a mandatory sentence of life imprisonment. *See* §§ 1958, 1959(a)(1). I therefore sentenced Mr. Young to mandatory life on those two counts, to run concurrently to each other and to all the remaining terms of imprisonment. J. Crim. Case 4.

On June 13, 2016, Mr. Young timely filed the present petition pursuant to 28 U.S.C. § 2255.[1] *See* Pet., ECF No. 378. On December 23, 2016, the government submitted a letter responding to Mr. Young's petition. Gov't Opp'n. On November 1, 2017, this court stayed all proceedings in this case pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Second Circuit's resolution of the petition for rehearing en banc in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). *See* Order, ECF No. 383. I lifted this stay, however, after the Supreme Court's decision in *Dimaya* on April 18, 2018, *see* 138 S. Ct. at 1204, and the Second Circuit's denial of the petition for rehearing in *Hill* on July 24, 2018, *see* No. 14-3872, ECF No. 190.

Mr. Young seeks to invalidate his convictions under 18 U.S.C. § 924(c)(1)(A) on the grounds that the residual clause of that statute is unconstitutionally vague following the Supreme Court's ruling in *Johnson*. *See* Mem. of Law in Supp. of Joseph Young's 2255 Pet. 1, 2-6, ECF No. 378. The government refutes Mr. Young's claim that § 924(c)(1)(A) is unconstitutionally vague and argues that, even if it were, Young's "petition should be denied on the grounds that any resentencing on other counts is unnecessary because such a change would not affect the defendant's life sentences on Counts 4 and 5, which are required by statute." Gov't Opp'n 1.

---

[1] Mr. Young's petition is timely because it was filed within one year of the date *Johnson* was decided—June 26, 2015. *See* 28 U.S.C. § 2255(f)(3) (providing that a petition is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court").

**DISCUSSION**

Section 924(c) makes it a crime if "any person . . . during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or . . . possesses a firearm [in furtherance of any such crime]." 18 U.S.C. § 924(c)(1)(A). This statute defines a "crime of violence" as "a felony" that either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). I will refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause." Mr. Young was sentenced under § 924(c)(1)(A) for using a firearm in the course of: Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, carjacking, and extortionate collection of credit. *See* Indictment ¶¶ 47, 50, 56, 58; Gov't Opp'n 2-4.

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which contains similar language to the residual clause of § 924(c), as unconstitutionally vague. 135 S. Ct. at 2555-57. Thus, Mr. Young argues that after *Johnson*, "the definition of 'crime of violence' in Section 924(c)(3) is unconstitutionally vague and therefore that Hobbs Act robbery, [conspiracy to commit Hobbs Act robbery,] armed carjacking and extortionate collection of credit are not a 'crimes of violence' sufficient to serve as a predicate for a Section 924(c) conviction." Gov't Opp'n 8.

**I.    The authority suggests that Mr. Young's convictions under 18 U.S.C. § 924(c)(1)(A) were constitutionally imposed.**

In *Dimaya*, the Supreme Court held that a "straightforward application" of its decision in *Johnson* meant that a similar residual clause defining "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1213. While *Dimaya* appears to support Mr.

3

Young's argument, the Second Circuit's recent decision in *United States v. Barrett* distinguishes § 924(c)'s residual clause from the residual clauses at issue in *Johnson* and *Dimaya* and holds that it does not present that same constitutional vagueness concerns because a "conduct-specific, rather than categorical, approach to § 924(c)(3)(B) is appropriate." No. 14-2641, 2018 WL 4288566, at *1 (2d Cir. Sept. 10, 2018); *see also id.* at *12 ("Section 924(c)(3) . . . is not concerned with prior convictions. It pertains only to § 924(c)(1) crimes of pending prosecution. This means that a conduct-specific identification of a predicate offense as a crime of violence can be made without raising either of the constitutional concerns that have informed the Supreme Court's categorical-approach jurisprudence. The Sixth Amendment concern is avoided because the trial jury, in deciding whether a defendant is guilty of using a firearm 'during and in relation to any crime of violence,' 18 U.S.C. § 924(c)(1)(A), can decide whether the charged predicate offense is a crime of violence as defined in § 924(c)(3)(B)."). The court noted that "[e]ven if a conduct-specific § 924(c)(3)(B) determination can be made by a jury, that was not done here." *Id.* at *14. However, the court determined that the failure to submit the determination to the jury was harmless error. *Id.*[2]

### II. Regardless of whether Mr. Young's 18 U.S.C. § 924(c)(1)(A) convictions were subject to constitutional error, his petition is denied because he is not entitled to relief.

Rather than order further briefing by the parties,[3] I am denying Mr. Young's petition

---

[2] *Barrett* also affirmed the holding in *United States v. Hill*, 890 F.3d at 51, that substantive Hobbs Act robbery is a categorical crime of violence within the definition of § 924(c)'s force clause and held that conspiracy to commit Hobbs Act robbery is categorically a crime of violence as defined by the force and residual clauses together. *Barrett*, 2018 WL 4288566, at *1, *7-9. The court's conclusion that a conduct-specific approach to § 924(c)'s residual clause is appropriate was offered as an alternative grounds for denying Barrett relief, "[e]ven if the elements of Hobbs Act robbery conspiracy did not thus establish it as a crime of violence on a traditional categorical application of [the force clause] and [the residual clause]." *Id.* at *9.

[3] As the government notes in its opposition, Mr. Young's claims that Hobbs Act robbery and armed carjacking do not constitute "crimes of violence" under § 924(c) fail under *Hill* and *United States v.*

4

because he is not entitled to relief. 28 U.S.C. § 2255(a) allows a prisoner to move to vacate, set aside, or correct his sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Even if the petitioner is able to show that the sentencing court committed a constitutional error, the error cannot be redressed through a § 2255 petition unless it had a "substantial and injurious effect" that resulted in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citations omitted); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless-error standard to a § 2255 petition). If the error "could not affect the prison term," then it is "merely cosmetic," and the petitioner "cannot obtain relief on collateral review [because the] error caused no prejudice." *Underwood*, 166 F.3d at 87; *see also Colon v. United States*, No. 3:02CV18 (AHN), 2005 WL 2764820, at *2 (D. Conn. Oct. 21, 2005) (holding that petitioner was not entitled to habeas relief because "even if his appellate counsel performed deficiently by failing to object to [certain] sentences," "[a]part from these sentences, [petitioner] still faced three additional life sentences" and "his sentences on the contested counts did not affect his total term of imprisonment"); *Ogando v. United States*, No. 96 CIV. 8051(AKH), 2001 WL 69428, at *2 (S.D.N.Y. Jan. 26, 2001) (noting that when a

---

*Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994). *See* Gov't Opp'n 8-11. The parties did not brief whether extortionate collection of credit is a § 924(c) crime of violence. Further, while *Barrett* holds that conspiracy to commit Hobbs Act robbery is categorically a crime of violence under the force and residual clauses together, it also suggests that if the categorical approach it employs is improper, the alternative conduct-specific approach requires a harmless-error analysis. Thus, if I were not denying Mr. Young's petition on other grounds, I would have ordered additional briefing on the extortionate collection of credit issue and the impact of *Barrett* on Mr. Young's § 924(c)(1)(A) conviction based on the predicate crime of conspiracy to commit Hobbs Act robbery.

petitioner is given concurrent sentences, he is not entitled to have the lesser-included conviction vacated when "the consequences of such vacatur would be essentially non-existent" because "[petitioner] would remain incarcerated for the same period of time").

The petitioner bears the overall burden of proving by a preponderance of the evidence that he is entitled to relief. *Alli-Balogun v. United States*, 114 F. Supp. 3d 4, 50 (E.D.N.Y. 2015). Mr. Young is serving two mandatory life sentences, which are running concurrently to each other and his other terms of imprisonment. Mr. Young does not challenge his life sentences, as they are unrelated to § 924(c). Even if there were constitutional error with respect to Mr. Young's § 924(c)(1)(A) convictions, "any resentencing . . . [would be] unnecessary because such a change would not affect [his] life sentences." Gov't Opp'n 1. Because any error in Mr. Young's sentence would be a "merely cosmetic" one that "caused no prejudice," Mr. Young has not met his burden and is not entitled to relief.

## CONCLUSION

For the foregoing reasons, Joseph Young's § 2255 petition is denied. Further, because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue, although Mr. Young may make such an application to the Second Circuit.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   September 17, 2018
         Brooklyn, New York