UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                                                            : 

JOSEPH B. YOUNG,                                 :       06-CR-285 (ARR)
                                                                                             :       20-CV-1328 (ARR)

                        Petitioner,              : 

                                                                                      :       NOT FOR ELECTRONIC

     -against-                           :       OR PRINT PUBLICATION

                                                                                    : 

UNITED STATES OF AMERICA,              :       **OPINION & ORDER**

                                                                                                     : 

                      Respondent.             : 

                                                                                    : 

-------------------------------------------------------------------- :
                                                                                      X

ROSS, United States District Judge:

Petitioner, Joseph Young, brings this petition under 28 U.S.C. § 2255 to vacate, set aside,

or correct his convictions under 18 U.S.C. § 924(c) pursuant to the Supreme Court's decision in

*United States v. Davis*, 139 S. Ct. 2319 (2019). For the following reasons, I grant Mr. Young's

petition as to his § 924(c) convictions predicated on conspiracy to commit Hobbs Act robbery

and extortionate collection of credit. I deny Mr. Young's petition as to his § 924(c) convictions

predicated on carjacking and Hobbs Act robbery. Regardless, Mr. Young is not entitled to

resentencing because this order does not alter the unchallenged concurrent mandatory life

sentences he continues to serve.

## BACKGROUND

The federal criminal charges against Mr. Young stemmed from his involvement with the

Bonanno organized-crime family of La Cosa Nostra. Indictment ¶ 1, ECF No. 247. In 2008, Mr.

Young was indicted on a number of counts for "racketeering, racketeering conspiracy, and a

string of . . . crimes that included murder, assault, arson, carjacking, robbery, extortion, and

firearms offenses." Letter in Resp. to Mot. to Vacate Conviction 1, ECF No. 396 ("Gov't

1

Opp'n"); *see also* Indictment ¶¶ 13–70. Mr. Young was tried before a jury and convicted on all but two of the charges. *See* Gov't Opp'n 2; J. Crim. Case 1, ECF No. 324. Among them, Mr. Young was found guilty of murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) and conspiracy to commit murder-for-hire under 18 U.S.C. § 1958. J. Crim. Case 2. Each of these convictions carries a mandatory sentence of life imprisonment. *See* 18 U.S.C. §§ 1958, 1959(a)(1). I therefore sentenced Mr. Young to mandatory life imprisonment on those two counts to run concurrently with each other. J. Crim. Case 4.

Mr. Young also was found guilty of four discrete violations of 18 U.S.C. § 924(c), which prohibits "us[ing]," "carr[ying]," or "possess[ing]" a firearm "during and in relation to any crime of violence." *See* J. Crim. Case 2. Respectively, these convictions were predicated on his convictions for: (1) conspiracy to commit Hobbs Act Robbery under 18 U.S.C. § 1951(a); (2) extortionate collection of credit under 18 U.S.C. § 894(a)(1); (3) carjacking under 18 U.S.C. § 2119(1); and (4) Hobbs Act robbery under 18 U.S.C. § 1951(a). Indictment ¶¶ 47, 50, 56, 58. For these offenses, I sentenced Mr. Young to five, seven, seven, and seven years respectively, to run concurrently with each other and with all the remaining terms of imprisonment. J. Crim. Case 4.

On June 13, 2016, Mr. Young filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, seeking to invalidate his convictions under § 924(c) on the ground that the residual clause of that statute was unconstitutionally vague following the Supreme Court's ruling regarding a similarly worded statute in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Pet. 1–6, ECF No. 378. This court denied Mr. Young's petition on September 17, 2018, holding he had failed to show he was entitled to habeas relief because invalidating the challenged convictions would not affect the unchallenged concurrent mandatory life sentences he was serving. Op. & Order 6, ECF No. 384.

On January 21, 2020, Mr. Young sought leave from the Second Circuit to file a successive habeas petition seeking to invalidate his § 924(c) convictions in light of the Supreme Court's decision in *Davis*, holding § 924(c)'s residual clause was unconstitutionally vague. *See* 139 S. Ct. at 2336; Pet., *Young v. United States*, No. 20-218, ECF No. 1 (2d Cir. Jan. 21, 2020). The Second Circuit granted leave and transferred the petition to this court on March 11, 2020. *See* Mandate, ECF No. 385. The government filed an opposition on August 20, 2020. *See* Gov't Opp'n. It concedes that Mr. Young's § 924(c) convictions predicated on conspiracy to commit Hobbs Act robbery and extortionate collection of credit are invalid after *Davis*. Gov't Opp'n 7–8. The government argues, however, that Mr. Young's § 924(c) convictions predicated on carjacking and Hobbs Act robbery remain valid. *Id*. at 7.

## DISCUSSION

Mr. Young challenges his four convictions under § 924(c)(3), which authorizes a five-year mandatory minimum sentence for:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . .

18 U.S.C. § 924(c)(1)(A). For purposes of this subsection, a "crime of violence" is defined as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense

*Id.* § 924(c)(3).

In *Davis*, the Supreme Court held that § 924(c)(3)(B)—known as the "residual clause"—was unconstitutionally vague. 139 S. Ct. at 2336. But § 924(c)(3)(A)—known as the "force

clause"—remains in effect. *See United States v. Hill*, 890 F.3d 51, 54 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019). Thus, an offense continues to serve as a valid predicate for a § 924(c) conviction only if it categorically meets the definition of the force clause. *See United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019).

This categorical approach requires the court to "'look only to the statutory definitions'— *i.e.,* the elements" of a conviction, "*not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (emphasis in original). It "ask[s] whether the least of conduct made criminal by the . . . statute [of conviction] falls within the scope of activity" that the applied statute penalizes. *United States v. Kroll*, 918 F.3d 47, 52 (2d Cir. 2019) (quoting *Stuckey v. United States*, 878 F.3d 62, 67 (2d Cir. 2017)). For § 924(c), the penalized activity must involve the use, attempt, or threatened use of physical force, *see* 18 U.S.C. § 924(c)(3), defined as "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force,'" *United States v. Castleman*, 572 U.S. 157, 170 (2014) (quoting *Johnson*, 559 U.S. at 138). If actions that did not involve physical force could violate a predicate statute, then a § 924(c) conviction based on that predicate is invalid.

Here, Mr. Young successfully argues, and the government concedes, that his § 924(c) convictions predicated on Hobbs Act robbery conspiracy and extortionate collection of credit no longer stand after *Davis*. Pet'r's Am. Mot. to Vacate 5, ECF No. 389; Gov't Opp'n 7–8. First, the Second Circuit has held that Hobbs Act robbery conspiracy is not a crime of violence under § 924(c)(3)(A). *United States v. Dussard*, 967 F.3d 149, 154–55 (2d Cir. 2020); *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). This precedent requires that I vacate Mr. Young's § 924(c) conviction predicated on Hobbs Act robbery conspiracy.

4

Second, although I am unaware of any other court that has analyzed whether extortionate collection of credit satisfies the force clause, the statute is clear on its face that it encompasses offenses not involving physical force. Section 894(a)(1) prohibits "the use of any extortionate means [] to collect or attempt to collect any extension of credit." 18 U.S.C. § 894(a)(1). "Extortionate means" include those involving "the use, or an express or implicit threat of use, of violence *or other criminal means* to cause harm to the person, *reputation*, or *property* of any person." 18 U.S.C. § 891(7) (emphases added). Thus, a person may violate the statute by committing a non-violent criminal act to harm a person's reputation or property. This falls far short of "force exerted by and through concrete bodies." *Castleman*, 572 U.S. at 170. Indeed, in a case involving a provision nearly identical to the force clause, the Sixth Circuit held that § 894(a) does not constitute a violent felony by the same reasoning. *Raines v. United States*, 898 F.3d 680, 688–89 (6th Cir. 2018). Therefore, I vacate Mr. Young's § 924(c) conviction predicated on extortionate collection of credit, as well, because this offense is not a crime of violence under the force clause.

Mr. Young's other § 924(c) convictions, however, remain valid. The Second Circuit has held that both carjacking and Hobbs Act robbery qualify as crimes of violence under the force clause. *Hill*, 890 F.3d at 60 (holding that Hobbs Act robbery under 18 U.S.C. § 1951(a) satisfies the force clause); *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994) (same for carjacking under 18 U.S.C. § 2119(1)). This precedent forecloses Mr. Young's arguments to the contrary.

As a remedy, Mr. Young is entitled only to an amended judgment vacating his § 924(c) convictions predicated on Hobbs Act robbery conspiracy and extortionate collection of credit rather than resentencing. Resentencing is warranted only if the "'change[ ]' in the 'constellation

of offenses of conviction' has 'altered' the 'factual mosaic related to those offenses.'" *United States v. Rigas*, 583 F.3d 108, 118 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1227–28 (2d Cir. 2002)) (alteration in original). "[I]f the facts relating to a count of conviction have not changed, 'no further proceeding as to that count is necessary, *except to the extent it affects the aggregate sentence.*'" *United States v. Weingarten*, 713 F.3d 704, 712 (2d Cir. 2013) (quoting *Rigas*, 583 F.3d at 119) (emphasis in original).

Resentencing is particularly inappropriate where a petitioner is serving a mandatory life sentence for an unchallenged conviction. *See Qadar v. United States*, No. 16-CV-3593 (ARR), 2020 WL 3451658, at *3 (E.D.N.Y. June 24, 2020) (granting motion to vacate § 924(c) sentence but ordering amended judgment without resentencing because the petitioner was serving a mandatory life sentence on a different conviction); *see also Burrell v. United States*, 467 F.3d 160, 166 (2d Cir. 2006) (explaining that the Second Circuit did not remand for resentencing after vacating a certain conviction because the Sentencing Guidelines mandated a life sentence on a different conviction alone).

Here, Mr. Young is serving two concurrent mandatory life sentences for murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) and conspiracy to commit murder-for-hire under 18 U.S.C. § 1958. J. Crim. Case 2, 4. Vacating his § 924(c) convictions predicated on Hobbs Act robbery conspiracy and extortionate collection of credit has no impact on the facts underlying any of his convictions or his aggregate sentence. Thus, Mr. Young is not entitled to resentencing.

## CONCLUSION

For the foregoing reasons, I GRANT Mr. Young's motion to vacate as to his § 924(c) convictions predicated on Hobbs Act robbery conspiracy and extortionate collection of credit. I DENY Mr. Young's motion to vacate as to his § 924(c) convictions predicated on carjacking and

Hobbs Act robbery.

Accordingly, Mr. Young's convictions on Count Twenty, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) related to extortionate collection of credit under 18 U.S.C. § 894(a)(1), and Count Twenty-Two, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) related to Hobbs Act robbery conspiracy under 18 U.S.C. § 1951(a), are HEREBY VACATED.

The Judgment is AMENDED to STRIKE the sentences imposed as to Counts Twenty and Twenty-Two, specifically: "Count twenty seven years custody, to run concurrently to one, two, four and five[,]" and "Count twenty-two five years custody, to run concurrently to one, two, four and five." J. Crim. Case 4. Mr. Young's other sentences, including the two concurrent mandatory life sentences, *see id.*, remain unaltered.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:        August 27, 2020
              Brooklyn, New York